Dominic Rossetti
Law Office of Dominic Rossetti
2122 N. Broadway Street
Santa Ana, CA 92706
Dominic@RossettiDefense.com
Telephone: (714) 925-9553

Attorney for Defendant Anselmo Acuna Garcia

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **United States of America,**<br>Plaintiff,<br><br>v.<br><br>**Anselmo Acuna Garcia (13),**<br>Defendant. | 2:24-cr-00369(A)-SPG<br><br>**Defendant's Response to Government's Notice of Intent to Seek Detention (Dkt. 483); Request for Continued Release Pending Sentencing Pursuant to 18 U.S.C. §§ 3143(a)(1) and 3145(c); Memorandum of Points and Authorities**<br><br>*Honorable Sherilyn Peace Garnett* |

Defendant Anselmo Acuna Garcia, by and through undersigned counsel, respectfully submits the following Response to the Government's Notice of Intent to Seek Detention (Dkt. 483) and Memorandum of Points and Authorities to request that the Court find exceptional reasons under 18 U.S.C. § 3145(c) and continue his release pending sentencing on the existing conditions of his bond.

MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government's notice rests on a single fact: after agents searched his home in July 2024, Anselmo Acuna Garcia went to Mexico. Dkt. 483 at 3. The notice acknowledges that he "returned following public announcement of the indictment." *Id.* at 3 n.1. The government made the same argument to Magistrate Judge Rocconi in November 2024. Dkt. 382 at 8–10, 17, 19–20. The Court weighed Mr. Garcia's time in Mexico against his surrender and released him on a $250,000 bond. *Id.* at 43. He has complied with every condition for nearly two years. The only new fact is his decision to plead guilty. The Court should find exceptional reasons under 18 U.S.C. § 3145(c) and continue his release pending sentencing.

## II. BACKGROUND

### A. Mr. Garcia, the Search, and the Surrender

Mr. Garcia has lived in Southern California since he was sixteen, nearly thirty years. Dkt. 382 at 6. He has worked throughout that time, most recently as a welder, and lives with his partner, Denise Salas, and their five children in Cudahy; two of his sons are United States citizens. Dkt. 116 at 6; Dkt. 382 at 35. His only conviction is from 1998, when he was eighteen, and he has no criminal history points. Dkt. 382 at 13, 43.

Agents searched Mr. Garcia's home on July 30, 2024. He was not arrested, and no charge or warrant was pending when he left for Mexico. Dkt. 382 at 35, 46. The First Superseding Indictment naming him was returned on September 17, 2024. Dkt. 10. He is charged in Counts One and Three, conspiracy to distribute and conspiracy to export cocaine, and in no other count. Dkt. 408 at 2.

Mr. Garcia contacted United States law enforcement himself to arrange his return, before he retained counsel. Dkt. 382 at 36. Counsel then told him what

he faced, including the ten-year mandatory minimum. *Id.* at 12–13, 36. He traveled on his own from Sinaloa to the border and surrendered at the San Ysidro Port of Entry on November 25, 2024. *Id.* at 12–13; Dkt. 118.

**B. The Detention Hearing and Two Years of Release**

On November 26, 2024, Judge Rocconi held a contested detention hearing. The government argued that Mr. Garcia had "fled" after the search and that defendants commonly flee "when they really have to face the music and realize how much time they're about to serve." Dkt. 382 at 8–9, 17. The Court asked, "if he was going to flee, why didn't he just stay where he was?" *Id.* at 35.

The Court found the presumption of detention rebutted and found that conditions would reasonably assure Mr. Garcia's appearance and the safety of the community. *Id.* at 43. It acknowledged that he "did flee, and then he also turned himself in," and concluded that "[h]is self-surrender is significant." *Id.* The Court set a $250,000 appearance bond signed by Ms. Salas and his niece, with home detention, location monitoring, and search conditions. *Id.* at 43–50; Dkt. 123.

Mr. Garcia was released on November 27, 2024. Eight months later, Pretrial Services reported that he had complied with every condition and passed every drug test and home inspection, and it did not oppose easing home detention to a curfew. Dkt. 229-1 at 1–2. Judge Rocconi granted that modification on November 21, 2025. Dkts. 315, 322. He has now been on release for twenty-three months without a violation. On November 4, 2026, he will plead guilty to Counts One and Three without a plea agreement, the same counts he has faced since his surrender. Dkts. 472, 475.

## III. ARGUMENT

Section 3143(a)(2) makes detention the rule after a guilty plea to a covered drug offense. Section 3145(c) makes the exception: a defendant who meets the conditions of § 3143(a)(1) "may be ordered released, under appropriate

conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." The exception applies pending sentencing and is for this Court to decide. *United States v. Garcia*, 340 F.3d 1013, 1014 n.1, 1015 n.2 (9th Cir. 2003). The Court examines "the totality of the circumstances" and asks whether, "due to any truly unusual factors or combination of factors," detention would be unreasonable. *Id.* at 1019.

**A. Mr. Garcia Is Not Likely to Flee**

The government asks the Court to treat Mr. Garcia's time in Mexico as "controlling." Dkt. 483 at 3 n.1. Judge Rocconi considered that fact, with the government pressing the same point, and weighed it against what she found on the other side: "[h]is self-surrender is significant. His amount of exposure is also significant on the other side, but on balance" conditions "can be set to assure his appearance at future court proceedings and the safety of the community." Dkt. 382 at 43. The ten-year minimum was in the scale when she ruled. Mr. Garcia left before any charge existed. He came back after he knew he was indicted, after counsel told him the charges carried a ten-year minimum, and on his own, across a border no one compelled him to cross. The exposure he faces after his plea is the exposure he chose to face in November 2024.

The government predicted at that hearing that the approach of sentencing would change his incentives. *Id.* at 17. Two years of compliance have tested that prediction. Throughout that time Mr. Garcia has known the evidence and the trial date, and he has complied. A guilty plea does not change that record; it is an acceptance of responsibility, not a step toward leaving. The clear and convincing evidence that § 3143(a)(1) requires is already in the record of this case.

**B. Mr. Garcia Does Not Pose a Danger**

The notice rests danger on Mr. Garcia's "long-term trafficking of significant quantities" of cocaine. Dkt. 483 at 3. That describes the offense of conviction; the question under § 3143(a)(1) is whether he is likely to pose a

danger if he remains on release. He has no criminal history points, and he is not charged with violence or a weapon. Dkt. 408 at 2. Judge Rocconi found that conditions would reasonably assure the safety of the community, Dkt. 382 at 43, and twenty-three months of supervision have produced no incident.

**C. Exceptional Reasons Make Detention Inappropriate**

*Garcia*'s factors "are by no means exclusive," and they include whether, "because of particular circumstances the defendant is exceptionally unlikely to flee or to constitute a danger to the community." 340 F.3d at 1021. That inquiry demands more than the threshold finding under § 3143(a)(1); it asks whether the circumstances meet "a higher standard of certainty." *Id.* at 1021 n.6. Two circumstances meet it here.

First, the surrender. Few defendants facing mandatory detention were once beyond the Court's reach and returned to it. Mr. Garcia did so knowing he faced ten years to life. Second, the compliance. He has met every condition the Court set, for nearly two years, with trial and a ten-year minimum before him. Together they show not a prediction that he will appear, but a record that he already has, at the highest stakes.

"Hardships that commonly result from imprisonment do not meet the standard." *Garcia*, 340 F.3d at 1022. Mr. Garcia does not rely on them. *Garcia* reserves release for "truly unusual circumstances," *id.*, and a voluntary return from abroad to face a ten-year minimum, followed by two years of compliance, is one.

## IV. CONCLUSION

The Court should find that Mr. Garcia is not likely to flee or pose a danger, that exceptional reasons make detention inappropriate, and that he should remain on release, on his existing conditions, pending sentencing.

\s____________________
Dominic Rossetti
Attorney for Anselmo Acuna Garcia